# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ERIC CHATMAN, <br><br> Plaintiff, <br><br> vs. <br><br> GOLD COAST CASINO AND CORPORATION, *et. al,* <br><br> Defendants. | 2:18-cv-01255-JAD-VCF <br><br> **ORDER AND REPORT & RECOMMENDATION** <br> APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF NO. 1) AND COMPLAINT (ECF NO. 1-1) |
| ERIC CHATMAN, <br><br> Plaintiff, <br><br> vs. <br><br> CEASARS PALACE, *et. al,* <br> Defendants. | 2:18-cv-01256-RFB-VCF <br><br> **ORDER AND REPORT & RECOMMENDATION** <br> APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF NO. 1) AND COMPLAINT (ECF NO. 1-1) |
| ERIC CHATMAN, <br><br> Plaintiff, <br><br> vs. <br><br> MGM CASINO AND RESORT, *et. al,* <br> Defendants. | 2:18-cv-01262-JCM-VCF <br><br> **ORDER AND REPORT & RECOMMENDATION** <br> APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF NO. 1) AND COMPLAINT (ECF NO. 1-1) |

Before the Court is Plaintiff Eric Chatman's ("Chatman") three applications to proceed *in forma pauperis* (2:18-cv-01255, ECF No. 1; 2:18-cv-01256, ECF No. 1; 2:18-cv-01262, ECF No. 1) and complaints (2:18-cv-01255, ECF No. 1-1; 2:18-cv-01256, ECF No. 1-1; 2:18-cv-01262, ECF No. 1-1). For the following reasons, Chatman's applications to proceed *in forma pauperis* are granted. However, the Court recommends that Chatman's complaints be dismissed with prejudice.

## DISCUSSION

Chatman's filings present two questions. First, whether he may proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Second, whether his complaints state a claim upon which the Court may grant relief.

### A. Chatman's Application to Proceed *In Forma Pauperis* is Granted

A plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit demonstrating that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A prisoner who seeks to bring a civil action without prepayment of fees must also submit a "certified copy of the trust fund account statement (or the institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." *Id.* § 1915 (a)(2).

Chatman is currently incarcerated in Salinas, California. (2:18-cv-01255; ECF No. 1); (2:18-cv-01256; ECF No. 1); (2:18-cv-01262; ECF No. 1). In his application, Chatman states that he has no income or assets. (*See* 2:18-cv-01256; ECF No. 1 at 1-2). His financial certificate detailing the past six months states his prison account contains no funds. (*See* 2:18-cv-01266; ECF No. 1 at 4). Given these facts, the Court grants Chatman's application to proceed *in forma pauperis*.

### B. Chatman's Complaint Should be Dismissed with Prejudice

The Court must review a plaintiff's complaint to determine whether it is frivolous, malicious, or fails to state a claim on which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure mandate that a claim must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for relief sought." Fed. R. Civ. P. 8(a). When a complaint fails to state a claim upon which relief can be granted, Rule 12(b)(6) permits dismissal of that claim. Fed. R. Civ. P. 12(b)(6).

Chatman's complaints fail to state a claim on which the Court may grant relief. His claims against Caesar's Palace, Mirage and Circus Circus are barred by res judicata. His remaining claims are not actionable under 42 U.S.C. § 1983.

***a. Res judiciata bars Chatman from re-litigating this previously decided issue against Caesar's Palace, Mirage, and Circus Circus (2:18-cv-01256, ECF No. 1-1; 2:18-cv-01262, ECF No. 1-1).***

When a court issues a final judgment on a claim, the doctrine of res judicata (claim preclusion) bars litigants from bringing further claims on the same cause of action. *Tahoe-Sierra Pres. Counsel, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). Claim preclusion applies when, in an earlier case, there has been an identity of the claims, a final judgement on the merits, and privity between the parties. *Id.*

On Feb. 5, 2018, Chatman filed a claim against Caesars Palace, Circus Circus Hotel & Casino and the Mirage Hotel & Casino,[1] alleging he was kidnapped, robbed, and "attempted [sic] stabbed" at some point between 2004 and 2006, approximately one mile from these properties. (2:18-cv-00224-RFB-VCF, ECF No. 1-1 at 1). On May 23, 2018, Judge Richard F. Boulware, II accepted and adopted the undersigned Magistrate Judges's Report and Recommendation, ordering Chatman's action be dismissed with prejudice. *Chatman v. Ceasars Palace Co.*, No. 2:18-cv-00224-RFB-VCF, 2018 U.S. Dist. LEXIS 87098, at *2 (D. Nev. May 23, 2018) (emphasis omitted).

In the present complaints, Chatman alleges a nearly identical complaint against all three companies, alleging he was robbed on the properties. (2:18-cv-01256, ECF No. 1-1 at 3; 2:18-cv-01262, ECF No. 1-1 at 3). Given that Chatman's complaints rest on the same facts and events that gave rise to his complaint earlier this year, Judge Boulware's final judgement on the merits in case 2:18-cv-00224-RFB-VCF bars Chatman from re-litigating the issue in this case. No amendment would resolve this issue and thus Chatman's claims against Caesars Palace, Circus Circus Hotel & Casino and the Mirage Hotel & Casino should be dismissed with prejudice.

---

[1] Plaintiff also named "Budweiser Beer Company" and "Coors Beer Company" as Defendants in the suit. (2:18-cv-00224-RFB-VCF, ECF No. 1-1 at 2-3).

***b. Chatman's complaints fail to state a claim upon which the Court may grant relief under 42 U.S.C. § 1983.***

The Court should dismiss a plaintiff's § 1983 claim "if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of a failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir 2012). Dismissal is thus appropriate where a complaint fails to allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must "allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of the law." *Naffe*, 789 F.3d at 1036 (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "[A] person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

In addition to the aforementioned companies, Chatman also names the following companies as defendants in this action: "Hilton Las Vegas," "Stratosphere Hotel and Resort and Casino," (2:18-cv-01256, ECF No. 1-1 at 1), "Goldcoast Casino & Corporation," "Alladin Casino," "Golden Nugget Casino," "Miller Lite Company," "Tequila Company," "General Store on Strip & Plaza," "Circle K on Strip," "Astec Casino & Hotel" (2:18-cv-01255, ECF No. 1-1 at 1), "MGM Casino and Resort." (2:18-cv-01262; ECF No. 1-1 at 1). Chatman alleges that all of the companies named in 2:18-cv-01255 and 2:18-cv-01256 "[tried] to kill [him]" and that he "was hurt on property." (*See* ECF No. 1-1 at 2). Chatman also alleges that he "was raped by [his] girlfriend" on the premises of the MGM, Caesar's Palace and the Mirage. (2:18-cv-01262; ECF No 1-1 at 2).

Chatman's complaint is devoid of factual allegations that would support a plausible inference of both elements of a § 1983 action. In each count of his complaint, Chatman fails to list a Constitutional or federal civil right that these companies violated. Chatman also fails to state any facts that would support a plausible inference that these private companies were exercising power of state law or clothed with the authority of state law. Chatman's complaint fails to state a claim upon which the Court may grant relief under § 1983 and should be denied with prejudice as no amendment could resolve the deficiencies.

## CONCLUSION

ACCORDINGLY,

IT IS ORDERED, that Plaintiff's Applications to Proceed *In Forma Pauperis* (2:18-cv-01255-JAD-VCF, ECF No. 1), (2:18-cv-01256-RFB-VCF, ECF No. 1) (2:18-cv-01262-JCM-VCF, ECF No. 1) are GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the Complaints (2:18-cv-01255-JAD-VCF, ECF No. 1), (2:18-cv-01256-RFB-VCF, ECF No. 1) (2:18-cv-01262-JCM-VCF, ECF No. 1).

IT IS FURTHER ORDERED that the Clerk of the Court is directed NOT to issue summons on the complaint at this time, pending an order by the District Judge regarding the recommendation in this case.

IT IS RECOMMENDED, that Plaintiff's cases 2:18-cv-01255-JAD-VCF, 2:18-cv-01256-RFB-VCF, 2:18-cv-01262-JCM-VCF, be DISMISSED with prejudice and Judgement entered, accordingly.

## NOTICE

Pursuant to Local Rules IB 3-1, a party may object to orders and reports and recommendations issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*,

951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

DATED this 26th day of July, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE